IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM V. OWEN, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 00-AR-1819-S |
| WARDEN BILLY MITCHEM and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

ENTERED
MAR 19 2004

## MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, William V. Owen, was convicted of capital murder on February 17, 1996, in the Circuit Court of Morgan County. He was sentenced to life imprisonment. On May 2, 1997, the Alabama Court of Criminal Appeals affirmed Owen's conviction and sentence. The Alabama Supreme Court denied Owen's petition for a writ of certiorari and issued a certificate of final judgment on November 14, 1997.

On April 29, 1999, Owen filed a Rule 32 petition in the Circuit Court of Morgan County. The trial court summarily dismissed the petition on July 23, 1999. On November 5, 1999, the Alabama Court of Criminal Appeals affirmed the dismissal of the Rule 32 petition. Owen filed a petition for a writ of habeas corpus in this court on June 29, 2000.



In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. The petitioner has filed a traverse and an addendum to the traverse.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Owen's conviction became final on February 12, 1998, the date on which the ninety-day period for filing a petition for certiorari to the United States Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, the one-year period he had to attack the convictions began to run on February 12, 1998, giving him until February 11, 1999, to file a habeas petition in this court. He did not file this petition until June 29, 2000. Thus, the petition is barred by the statute of limitations.

Title 28 U.S.C. § 2244(d)(2) does not help the petitioner. That section provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although Owen did file a Rule 32 petition in state court, that petition was not filed until April 29, 1999, over two months after the one-year limitations period for filing a petition in federal court expired on February 11, 1999. The fact that Owen successfully filed a Rule 32 petition after the expiration of the one-year period for filing in federal court did not start the running of the limitations period anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year state of limitations by bringing a belated state collateral attack. See, e.g., *Hamilton v. Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999); *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v. McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17, 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff, D.J. & Peck, M.J.).
> Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations. *See, e.g., Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998) ("Under the plain language of the statute, any time that passed between the time that

[petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); *DeVeaux v. Schriver*, slip op. at 8; *Broom v. Garvin*, 99 Civ. 1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller*, 1999 WL 438472 at *3; *Smith v. McGinnis*, 1999 WL 312121 at *3-4; *Varsos v. Portuondo*, slip op. at 4-5; *Brooks v. Artuz*, 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. 2244(d)(2)] does not... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (*quoting Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *3-4 (S.D.N.Y. August 27, 1999). *See also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)("A state-court petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(tolling lasts "only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period"); *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.").

The limitations period expired on February 11, 1998. Owen did not file his petition in this court until June 29, 2000. Therefore, his petition is untimely and it is due to be dismissed because it is barred by the statute of limitations.

An appropriate order will be entered.

DONE this 19TH day of March, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE